UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| BETTY ARMSTRONG, | ) NO. CV 06-1402 SH |
| Plaintiff, | ) MEMORANDUM DECISION |
| v. | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## I.  PROCEEDINGS

On September 25, 2003, plaintiff protectively filed a claim for a period of disability, disability insurance benefits, and supplemental security income.  The application was denied initially and upon reconsideration.  A hearing before an Administrative Law Judge ("ALJ") was held on July 21, 2004 and another hearing was held before an ALJ on February 22, 2005.  On April 25, 2005, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act.  Following

1

receipt of a decision denying benefits, plaintiff sought review from the Appeals Council. The Appeals Council denied the request for review. This action followed. The parties filed a Joint Stipulation, and have consented to the jurisdiction of the magistrate judge. For the reasons shown below, the Commissioner's decision denying benefits is affirmed.

## II. DISCUSSION

Plaintiff makes two challenges to the ALJ's determination. Plaintiff alleges that the ALJ erred (1) in assessing plaintiff's residual functional capacity; and (2) in considering the testimony of plaintiff. Each of plaintiff's contentions will be addressed in turn.

### A. ISSUE NO. 1:

Plaintiff asserts that the ALJ erred in assessing plaintiff's residual functional capacity ("RFC"). Plaintiff further contends that the ALJ contradicted herself because she found that plaintiff had a severe impairment, yet found that the severe impairment did not cause a significant limitation.

Defendant argues that the plaintiff's RFC contains no functional limitations because plaintiff failed to establish such limitations. Defendant further argues that the plaintiff carries the burden of proof of proving disability.

In determining disability, the ALJ employs a five-step sequential evaluation. The ALJ determined that plaintiff was not disabled at step four of the analysis. The ALJ found the plaintiff had osteopenia and osteoarthritis of both hands, which are considered severe impairments. Despite this finding, the ALJ found the plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of any impairment listed in Appendix 1, Subpart P, Regulations No. 4. (A.R. 19). This led the ALJ to step four, where the ALJ found that the evidence supported a finding that plaintiff retained the RFC to perform her past relevant work. (A.R. 19). As a result, the ALJ found plaintiff was not disabled and denied plaintiff benefits. *See* 20 C.F.R. § 404.1520

(2004); *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

     A RFC assessment is not a medical opinion. Instead, it is an "administrative finding" reached after consideration of all the relevant evidence, including the diagnosis, treatments, observations by the treating physicians and family members, medical records, and the claimant's own subjective symptoms. *See Social Security Ruling 96-5; 20 C.F.R. § 404.1527 (e)(2)* (stating that a residual functional capacity finding is not a medical opinion but an administrative finding that is reserved to the Commissioner). RFC is what a claimant can still do despite existing exertional and non-exertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

     In her findings, the ALJ found that "[t]he claimant's capacity to perform work-related activities was limited by an inability to lift, carry, push or pull more than 25 pounds frequently or more than 50 pounds occasionally, and by an inability to sit longer than 6 hours or stand or walk longer than 6 hours in an 8-hour workday. A.R. 21; *see* 20 C.F.R. 404.1565, 416.965. Despite these limitations, the ALJ found that the plaintiff's functional limitations did not preclude her from performing her past relevant work as a home attendant. The ALJ consulted plaintiff's medical records and the pain questionnaire plaintiff completed. Based on the fact that she did not mention her hand pain in her pain questionnaire and that her hand impairments were described in the radiologist report as "minor," among other reasons, the ALJ came to the conclusion that the plaintiff was able to perform her past work as a home attendant.

     The plaintiff carries the burden of proof of proving not just that she cannot return to her own particular job, as she performed it. The question is also whether the plaintiff can return to her "former type of work," as that work is generally performed. *See Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) (at step four of the sequential evaluation process, claimant has the burden of proving an inability to return to her former "type of work" and not just her former job); *See also Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (plaintiff has the burden of proving that she can no longer perform her past relevant work); SSR 82-61 (if claimant cannot perform the functional demands and job

duties of her former job as actually required but can perform the functional demands and job duties as generally required by employers, she should be found not disabled).

Moreover, the vocational expert testified that an individual with the limitations similar to plaintiff's would be capable of performing the work of a home attendant, as the work is described in the Dictionary of Occupational Titles (A.R. 20). Plaintiff did not rebut the finding that she was able to return back to work.

The Court concludes the plaintiff had the burden to prove that she was unable to return to her former type of work and did not meet this burden.

B. ISSUE NO. 2:

Plaintiff asserts that the ALJ failed to provide legally sufficient reasons to reject the testimony of plaintiff by not stating clear and convincing reasons for not believing plaintiff. Plaintiff further contends that the ALJ improperly assessed her subjective symptom testimony in assessing the RFC and that this court should reverse and award her benefits, or reverse and remand for the correction of the legal errors.

Plaintiff and defendant both agree that the ALJ must evaluate a claimant's subjective pain symptoms under a two-step analysis. First, the ALJ must determine whether there is a medical impairment reasonably likely to be the cause of the pain. Once the claimant establishes this, the ALJ must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. *Bunnell v. Sullivan*, 947 F.2d at 345.

In *Bunnell*, the court held that "the adjudicator may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." *Id*. at 346-347. The court reasoned that "[i]f an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of pain, there would be no reason for an adjudicator to consider anything other than medical findings." *Id*. at

347.

If the Commissioner chooses to disregard plaintiff's testimony, the Commissioner must set forth specific cogent reasons for disbelieving it. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). In finding that a claimant lacks credibility, the ALJ must set forth clear and convincing reasons supported by substantial evidence in the record. *Holohan v. Massanari*, 246 F.3d 1195 (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

In the present case, the only underlying medically determinable physical impairments plaintiff has are osteopenia and osteoarthritis of both hands. Plaintiff complained of pain in her low back and in her legs at the hearing, not her hands. The ALJ did use objective medical evidence to help in determining plaintiff's credibility; however, the ALJ also took into consideration plaintiff's subjective complaints. The ALJ states that, "[i]n determining that the claimant is capable of performing her past relevant work, [she] had considered the claimant's excessive subjective complaints." (A.R. 20).

Regarding her hand impairments, the ALJ states that the "medical progress notes of record show no chronic or persistent complaints regarding the claimant's only medically determinable impairment, the arthritis in her hands." (A.R. 19) The ALJ further stated that "[t]he pain questionnaire completed by the claimant in October 2003 makes no reference to her hands." (A.R. 20). She did not complain of pain in her hands when seen by the consultant orthopedist in November 2003; nor did she testify to such symptoms at the hearing in July 2004." (A.R. 20).

At that hearing, however, plaintiff complained of pain in her <u>back and legs</u> after being asked by the ALJ, "Where is your pain?" (A.R. 152). Although no testimony was received at the second hearing before the ALJ, on February 22, 2005, the record was held open pending receipt of additional medical evidence. (A.R. 19). The new records received before the second administrative hearing were deemed to add little to the overall evidence and, according to the ALJ, "did not warrant further testimony or additional development." (A.R. 19).

1  Regarding plaintiff's alleged low back pain, the ALJ states that "[t]he claimant's
2 primary complaint has been of low back pain, yet the record contains little if any
3 objective evidence showing a medically determinable back impairment." (A.R. 19). The
4 ALJ further states that "[n]o medically determinable basis is established for the
5 claimant's allegations of low back pain, paravertebral muscle spasm, hip pain ..." (A.R.
6 20). As a result, the ALJ stopped at step one of the pain analysis regarding those alleged
7 impairments.
8  The reasons the ALJ set forth for rejecting plaintiff's subjective complaints of
9 disabling hand pain were certainly sufficient, given that plaintiff did not even testify that
10 she had disabling hand pain.

### III.  ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed and plaintiff Complaint is dismissed.

Dated: November 17, 2006

_____/s/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE